**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY E. KEATHLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HIGHWAY PATROL, et al.,<br><br>　　　　Defendants.<br>_____ / | Nos. C 06-04616, 06-05471 SI<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE, DEFERRING IN FORMA PAUPERIS APPLICATION, AND CONSOLIDATING CASES** |

　　On July 28, 2006, plaintiff filed a complaint and a request to proceed in forma pauperis in this Court (Case No. 06-04616). On September 6, 2006, plaintiff filed a second complaint and request to proceed in forma pauperis (Case No. 06-05471). On September 15, 2006, the Court signed an order relating the two cases. On September 25, 2006, the Court held a telephone conference with plaintiff, in an attempt to clarify the nature of his claims in both cases. Having failed to do so, the Court dismissed plaintiff's first complaint without prejudice (Case No. 06-04616). For the reasons discussed below, the Court hereby DISMISSES plaintiff's second complaint without prejudice, and DEFERS ruling on plaintiff's second in forma pauperis application (Case No. 06-05471). The Court also CONSOLIDATES the two related cases before this Court.

　　Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877

F.2d 777, 777 (9th Cir. 1989).

The allegations in plaintiff's first complaint appear to concern damage to an automobile, and an assault on plaintiff by two Las Vegas, Nevada police officers. The allegations in plaintiff's second complaint also appear to concern damage to an automobile. The Court will therefore exercise its broad discretion to consolidate these two actions. The clerk will put all the documents from Case No. C 06-05471 SI into the case file for Case No. C 06-04616 SI and then close Case No. C 06-05471 SI. The parties will hereafter file all documents in Case No. C 06-04616 SI and make no further filings in Case No. C 06-05471 SI.

Under Federal Rule of Civil Procedure 8, a complaint must include: 1) a short and plain statement of the court's jurisdiction, 2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and 3) a demand for judgment for the relief the plaintiff seeks. Plaintiff has not met the basic requirements of Rule 8 in his complaint in Case No. C 06-05471, as the Court cannot understand the basis for his claims. The September 25, 2006 phone call with plaintiff did nothing to clarify his claims. Accordingly, the Court will DISMISS plaintiff's complaint in Case No. C 06-05471 for failure to comply with Rule 8. As with the first complaint, the Court will grant plaintiff leave to amend. As these two cases are now consolidated into one case, **plaintiff must submit only one amended complaint for both cases**. When setting out his claims in the amended complaint, plaintiff should make sure to illustrate how the facts support each claim.

As discussed in the previous Order, plaintiff must file his amended complaint **on or before November 17, 2006.** If plaintiff fails to file his amended complaint by that date, the matter will be dismissed. No further amendments will be allowed.

**IT IS SO ORDERED.**

Dated: October 30, 2006

_____
SUSAN ILLSTON
United States District Judge

2